IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-24919

---

**DAVID TULLOCH**

*Plaintiff*,

*-vs-*

**DISTRICT BOARD OF TRUSTEES OF MIAMI-DADE COLLEGE**

*Defendant*.

---

**COMPLAINT**

For the Plaintiff:

Dale James Morgado, Esq.

85 Wall Street, Suite 1100
New York, New York 10005

T: (855) 899-9121
F: (855) 499-9191
E: djm@morgado.us

Plaintiff, DAVID TULLOCH, sues the DISTRICT BOARD OF TRUSTEES OF MIAMI-DADE COLLEGE for retaliation and discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec 1981: In support, he states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(a) because the Defendant resides in Miami-Dade County, Florida and because the cause of action and damages occurred here, *i.e.,* the Defendant's Kendall Campus located in this District.

3. On September 12, 2016, the EEOC mailed out Plaintiff's Right to Sue Letter, as such Plaintiff has exhausted all administrative remedies and fulfilled all conditions precedent to filing.

**PARTIES**

4. Plaintiff, David Tulloch, is a black African American male. He is a resident of Miami-Dade County and employee of Miami-Dade College's Kendall Campus.

5. Defendant, the District Board of Trustees of Miami-Dade College, (hereinafter the "College" "MDC" or "Defendant") is the corporate body controls and governs Miami-Dade College; a community college as defined by Fla. Stat. § 1000.21. MDC receives Federal financial assistance and is subject to Title VII.

**STATEMENT OF FACTS**

6. Plaintiff has experienced retaliation and discrimination on the account of his race and gender.

7. The discrimination comes in multiple forms, including but not limited constant unwarranted discipline, criticism, removal of certain employment privileges and other forms of disparate treatment.

8. MDC has subjected Plaintiff to discrimination based on his race by maintaining a hostile work environment, failing or refusing to remedy the effects of the discriminatory treatment, continuing to single out Plaintiff.

9. More specifically, he has been treated differently than other employees who were in similar situations but were not black men.

10. The disparate treatment and retaliation has come at the hands of Defendant, through its agents like Michael Vensel.

11. Plaintiff was hired by the Defendant in 2004. He was hired as a paraprofessional.

12. In 2005, he was promoted to Writing Center Supervisor.

13. In 2014, Michael Vensel, a white female, decided she would supervise him.

14. After Vensel began supervising Plaintiff, the Defendants discriminatory conduct started.

15. Indeed, in the last two years Plaintiff has experienced a pattern and practice of discrimination.

16. Vensel, the Chair of the English and Composition Department, excessively and subjectively used Defendant's performance evaluations and disciplinary procedures to discriminate against Plaintiff based on the color of his skin and race.

17. Vensel, for example, criticizes and makes fun of the Plaintiff when she believes no other black employees are around.

18. Prior to Vensel, and throughout Plaintiff's employment he has received many accolades for his performance as well as recommendations that attest to his work product, acumen and work ethic.

19. Indeed, Plaintiff was selected as an advisor and mentor during his tenure.

20. For nearly six years, Plaintiff had managed students, had his own office, could hire new students, order the Writing Lab's supplies, and manage its operations.  These types of privileges have been stripped.

21. Plaintiff even overheard comments indicating efforts to remove him from his position.

22. In this vein, Plaintiff has been subjected to different standards and disciplinary procedures than his peers

23. Plaintiff has made numerous informal and formal attempts to address the discrimination against him, the only black male in his department, and nothing has ever been done.

24. Plaintiff's efforts to redress his discriminatory complaints have only led to more discriminatory action, passed off as corrective action against the Plaintiff.

25. Plaintiff has been ignored and MDC has not exercised reasonable care to prevent and correct promptly any harassing behavior.

26. Instead, MDC retaliated against Plaintiff for complaining about discrimination based on sex and race.

27. This retaliation also comes in multiple forms resulting in multiple adverse employment actions that affect his rights, terms, and conditions of employment.

28. The more he reports up the corporate latter about the discrimination he is facing the more abuse and discipline comes his way.

29. For example, after Plaintiff began complaining of the discrimination, he was given his first negative performance review in over decade by Michael Vensel.

30. Plaintiff then contacted the Equal Employment Opportunity Commission since his complaints fell on deaf ears at MDC.

31. Soon thereafter, he received verbal counseling to isolate him further from the remainder of the staff.

32. Plaintiff sought help as set out by the MDC policies and procedures.

33. Vensel and other staff members within the English and Composition Department ignored Plaintiff's request for proper acknowledgement.

34. Plaintiff complained about the racial discrimination verbally and in writing. No assistance was provided to Plaintiff.

35. Plaintiff was systematically stripped of his position and privileges to force him out of his job.

36. MDC's performance evaluation and disciplinary procedure system is excessively subjective.

37. MDC's excessively subjective performance evaluation and disciplinary procedure system is flawed.

38. MDC has failed to adequately monitor its agents and employees to ensure that MDC policies and procedures were promptly implemented.

39. MDC's failure to monitor its agents and employees, allowed the discriminatory motives of supervisors and managers in the English and Composition department to disparately

impact Plaintiff in the form of corrective actions, negative performance reviews, removal of supplies, intimidation, removal of administrative access and demoted of his supervisory position.

40. MDC, through its agents, harassed Plaintiff because of his race and nothing has been done to prevent or correct any of the harassing behavior.

**COUNT I**

**DISCRIMINATION / DISPARATE TREATMENT UNDER TITLE VII**

41. Plaintiff incorporates and realleges paragraphs 1 through 40 as if fully rewritten herein.

42. Plaintiff was subjected to discrimination and harassment because of his race by Defendant.

43. Defendant's agents and employees with supervisory authority over Plaintiff intentionally discriminated against Plaintiff because he is black.

44. MDC's agents and employees with supervisory authority have committed and continue to commit discriminatory employment practices against Plaintiff because he is black.

45. MDC's agents and employees with supervisory authority were not monitored by MDC to ensure enforcement of MDC's Equal Employment Opportunity policies. Thus, discriminatory employment practices are being committed against the Plaintiff at MDC's Kendall Campus.

46. MDC's agents and employees with supervisory authority over Plaintiff, specifically, Michael Vensel and other members of the English and Composition Department continuously engage in discriminatory employment practices against the Plaintiff and facilitate the systematic pattern or practice of MDC's discrimination against Plaintiff.

47. The Defendant engaged in a pattern and practice of discriminating against its black employees, specifically Plaintiff, with respect to wages, promotions, job assignments, discipline, discharge and other terms, conditions and privileges of his employment.

48. Defendant has undermined Plaintiff's position.

49. The selection procedures of the Defendant have and continue to have a disparate impact on black employees, specifically the Plaintiff.

50. The Plaintiff has been and continues to be deprived of the opportunity of working in an environment free of racial discrimination and the opportunity to be supervised and work with persons who would not have discriminated against them.

51. The unlawful actions of the Defendant as set forth above constitutes a practice, pattern and custom or policy of the Defendant for allowing acts of racial discrimination and/or retaliation in violation of its employees' federally protected rights.

52. The Defendant knew, or should have known, of the racial discrimination and retaliation of the Plaintiff.

53. The Defendant failed to promote and take any effective action reasonably calculated to result in the prevention of and/or remedy of the racial discrimination and retaliation of the Plaintiff.

54. The actions of the Defendant violate Title VII.

55. Because of the actions of the Defendant, the Plaintiff has been and continues to be injured, suffering distress, humiliation, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

56. MDC is vicariously liable for the intentional discriminatory employment practices committed by staff members of the English and Composition Department at MDC against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

**WHEREFORE,** Plaintiff demands judgment against the Defendant and asks for the following relief:

a. Award Plaintiff economic and compensatory damages, including, back pay, prejudgment interest, and damages for pain and suffering, plus all employment benefits he would have received but for the discriminatory and retaliatory conduct;
b. Preliminary and permanently restraining Defendant from engaging in the aforementioned conduct; and
c. Awarding Plaintiff front pay; and
d. Award of nominal, compensatory and punitive damages for all legal relief sought in this complaint; and
e. Prejudgment interest; and
f. Award reasonable attorney's fees and costs incurred in this action under 42 U.S.C. 1088; and
g. Order any other relief this Court deems to be just and proper.

## COUNT II

**RETALIATION**

57. Plaintiff incorporates and realleges paragraphs 1 through 40 as if fully rewritten herein.

58. Plaintiff, after complaining about the discrimination against him by MDC has been retaliated against with disciplinary write ups in his personnel files, suspended or placed on probation, and ultimately forced to downgrade his position.

59. As discussed above, in retaliation for the Plaintiff's good faith opposition to discrimination, the Defendant has retaliated against him.

60. The Defendant's conduct was retaliation based, at least in part, on the Plaintiff's protected activities of opposing racial discrimination and harassment.

61. Because of the actions of the Defendant, the Plaintiff continues to be injured and suffers ongoing damages.

**WHEREFORE**, Plaintiff demand judgment against the Defendant and ask for the following relief:

a. A judgment that the Defendant's employment practices challenged herein are illegal and in violation of Title VII; and

b. Award Plaintiff back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discriminatory and retaliatory conduct;

c. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

d. Awarding Plaintiff front pay in lieu of reinstatement; and

e. Award of nominal, compensatory and punitive damages for all legal relief sought in this complaint; and

f. Prejudgment interest; and

g. Award reasonable attorneys' fees and costs incurred in this action under 42 U.S.C. 1988; and

h. Order any other relief this Court deems just and proper.

## COUNT III

**RACE DISCRIMINATION AND RETALIATION - VIOLATION OF 42 U.S.C. 1981**

62. Plaintiff incorporates and realleges paragraphs 1 through 40 as if fully rewritten herein. As set forth in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff in the terms, conditions and benefit of their employment based on his race.

63. The Defendant failed to adequately promulgate, disseminate, and enforce a racial harassment and/or discrimination policy.

64. The Defendant condoned and/or otherwise ratified the unlawful, racially discriminatory action against Plaintiff.

65. The Defendant thus, as outlined above, has violated the proscriptions against race discrimination and retaliation under 42 USC Sec. 1981.

66. The Plaintiff has suffered damages as a proximate result of these violations, which were caused by Defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

67. The unlawful conduct of the Defendant, as described above, constitute a custom or policy of the Defendant for allowing acts of racial harassment, racial discrimination and/or retaliation in violation of its employees' federally protected rights.

68. The Defendant knew or should have known, of the racial discrimination, racial harassment and retaliation of the Plaintiff.

69. The Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the Plaintiff's federally protected rights.

70. As the result of Defendant's conduct, Plaintiff were deprived of income and other benefits due them. Plaintiff also suffered embarrassment, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation. The unwelcome racial harassment, discrimination and retaliation created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiff' emotional and physical well-being and their ability to do their work.

71. Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory and punitive damages and a judgment is their only means of securing adequate relief.

72. The Plaintiff are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff demand judgment against the Defendant and ask for the following relief:

   a. A judgment thatthe Defendant's employment practices challenged herein are illegal and in violation of 42 USC Sec. 1981

   b. Awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discriminatory and retaliatory conduct;

   c. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

   d. Awarding Plaintiff front pay in lieu of reinstatement; and

   e. Award of nominal, compensatory and punitive damages for all legal relief sought in this complaint;

   f. Prejudgment interest

   g. Awarding reasonable attorneys' fees and costs incurred in this action;

   h. Ordering any other relief this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

73. The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted and dated: 11/25/2016

                                                 For the Plaintiff: For the Plaintiff:

/s/ Dale James Morgado
Dale James Morgado, Esq.

85 Wall Street, Suite 1100
New York, New York 10005

T: (855) 899-9121
F: (855) 499-9191
E: djm@morgado.us