UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-24919-WILLIAMS/GOODMAN

DAVID TULLOCH

    Plaintiff,
vs.

DISTRICT BOARD OF TRUSTEES FOR
MIAMI-DADE COLLEGE,

    Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant DISTRICT BOARD OF TRUSTEES FOR MIAMI-DADE COLLEGE moves, pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(5) and S.D. Fla. L.R. 7.1, to dismiss with prejudice Plaintiff DAVID TULLOCH's Complaint due to insufficient service of process and lack of personal jurisdiction. The facts and law in support of Defendant's Motion are as follows:

1. Plaintiff filed this action on November 26, 2016. (DE 1).

2. On March 9, 2017, the Court *sua sponte* dismissed Plaintiff's Complaint without prejudice for failure to timely serve the Complaint within 90 days in accordance with Fed. R. Civ. P. 4(m). (DE 6).

3. One month later, on April 12, 2017, Plaintiff filed a "Motion to Reopen Case & Extend Time to Effect Service of Process." (DE 7). On August 14, 2017, the Court granted Plaintiff's Motion, stating that "Plaintiff shall perfect service of process on Defendant, and file proof of the same, on or before September 15, 2017."[1] (DE 8).

---

[1] As Defendant had not been served with the Complaint, it did not submit a response to Plaintiff's Motion to Reopen Case (DE 6). Although Plaintiff's Motion was granted, it is worth noting that the Motion contained inaccurate representations. First, contrary to the Motion, Defendant did not refuse to provide a waiver of service. While

4.     On August 21, 2017, Plaintiff served a summons and complaint on Ann Baker, a Human Resources Assistant on the Kendall Campus of Miami Dade College, 11011 SW 104 Street, Miami, Florida 33176.  A copy of the Affidavit of Service from the process server retained by Plaintiff is attached as Exhibit 1, and is located at DE 9.  In signing the affidavit, the process server declared, under penalty of perjury pursuant to Florida Statutes §95.525(2), that the facts stated in the affidavit were true.

5.     Miami Dade College is a public postsecondary educational institution in the Florida College System and thus, is classified as a Florida College System institution. §1000.21(3)(o), Fla. Stat.  As a Florida College System institution, Miami Dade College has a Board of Trustees appointed by the Governor of Florida.  §1001.61, Fla. Stat.

6.     Pursuant to Fed. R. Civ. P. 4(j)(2), a "state, … or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

7.     As to Rule 4(j)(2)(A), the chief executive officer of the District Board of Trustees for Miami Dade College is the President of Miami Dade College, Dr. Eduardo J. Padron, Ph.D. §1001.61(5), Fla. Stat.; Exhibit 2, Declaration of Javier A. Ley-Soto ("Ley-Soto Decl."), ¶3.

8.     As to Rule 4(j)(2)(B), pursuant to section 1001.63, Florida Statutes, service of process for suits naming the District Board of Trustees "shall be made on the chair of the board

---

Plaintiff's counsel asserted that he requested a waiver, no such request was received by Defendant or by Defendant's Legal Department.  Second, at no point did Defendant attempt to evade service in February 2017, as suggested by Plaintiff in February 2017.  By his own admission, Plaintiff did not even attempt to serve Defendant's authorized representatives, as specified in this Motion.  The only service attempt that Defendant is aware of occurred on March 22, 2017, when a process server appeared at the College's Wolfson campus.  Defendant declined to accept service of the Complaint because the case had been dismissed two weeks earlier on March 9, 2017.  *See* Exhibit 2, Declaration of Javier A. Ley-Soto at ¶7.  Plaintiff's Motion to Reopen Case does not mention this belated service attempt.

of trustees or, in the absence of the chair, the corporate secretary or designee of the chair." The Chair of the District Board of Trustees is Armando J. Bucelo Jr., and the corporate secretary of the District Board of Trustees is Dr. Padron, the President of Miami Dade College.  Exhibit 2, Ley-Soto Decl. ¶4.  The Board Chair does not have another "designee" for purposes of service of process.  *Id.*

9. The offices of the District Board of Trustees and President Padron are located on the Wolfson Campus of Miami Dade College, 300 NE Second Avenue, Miami, Florida 33132. Exhibit 2, Ley-Soto Decl. ¶5.  Additionally, Defendant requests that the Court take judicial notice (pursuant to Fed. R. Evid. 201) of the fact that Board Chair Bucelo is a private attorney with the Bucelo Law Group, which is located at 25 W. Flagler Street, Ste 500, Miami, Florida 33130.  *See* The Florida Bar's "Member Profile" for Mr. Bucelo: https://www.floridabar.org/directories/find-mbr/profile/?num=280755.

10. Consistent with Fed. R. Civ. P. 4(j)(2), Plaintiff Tulloch was required to serve his Complaint on President Padron or Board Chair Bucelo.  However, Plaintiff did not do so. Instead and to his detriment, Plaintiff elected to improperly serve a Human Resources Assistant located on the College's Kendall campus.  *See* Exhibit 1; Exhibit 2, Ley-Soto Decl. ¶6.

11. As set forth in this Motion, Defendant has fully met its burden to "describe with specificity how [Plaintiff's] service of process [of his Complaint] failed to meet the procedural requirements" of Rule 4(j)(2).  *Kammona v. Onteco Corp.*, 2013 WL 12095565 (S.D. Fla. July 18, 2013) (Graham, J.).  Even assuming Plaintiff could meet his burden to make a *prima facie* showing of proper service, which he cannot, Defendant has presented "strong and convincing evidence [in this Motion] of insufficient process." *Hollander v. Wolf*, 2009 WL 3336012, *3 (S.D. Fla. Oct. 14, 2009) (Ryskamp, J.).

12. Plaintiff's failure to properly serve Defendant means that this Court does not have personal jurisdiction over Defendant: "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ct*r., 896 F.2d 1313, 1317 (11th Cir. 1990); *see also Alston v. James A. Haley Veterans Hosp.*, 2014 WL 4452683, *4 (M.D. Fla. Sept. 9, 2014) ("Without valid service, the Court lacks personal jurisdiction over Defendant").

13. Accordingly, Plaintiff's Complaint must be dismissed for insufficient service of process and lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2) and 12(b)(5); *see Kammona*, 2013 WL 12095565, *2-3; *Pardazi*, 896 F.2d at 1317; *Alston*, 2014 WL 4452683 at *4.

14. The dismissal of Plaintiff's Complaint should be with prejudice as Plaintiff failed to comply with this Court's Order (DE 8) requiring that he "perfect" service on Defendant by September 15, 2017.

WHEREFORE, Defendant DISTRICT BOARD OF TRUSTEES FOR MIAMI-DADE COLLEGE respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint.

Dated: September 22, 2017
     Miami, Florida

Respectfully submitted,

s/ Kara S. Nickel_____
Kara S. Nickel (Fla. Bar No. 175188)
knickel@stearnsweaver.com
Giselle Gutierrez Madrigal (Fla. Bar No. 100254)
gmadrigal@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, PA
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel. (305) 789-3226
Fax (305) 789-2645
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF on September 22, 2017 on all counsel or parties of record on the Service List below.

s/Kara S. Nickel_____
KARA S. NICKEL

## SERVICE LIST
CASE NO. 1:16-cv-24919-WILLIAMS/GOODMAN

Dale James Morgado, Esq.
85 Wall Street, Suite 1100
New York, New York 10005
Telephone: (855) 899-9121/(212) 655-9790
Facsimile (855) 499-9191/(212) 412-9038
djm@morgado.us/ djm@morgado.legal
Attorneys for Plaintiff

#5946748